IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Travelers Property Casualty      :
Company of America,
                                 :
        Plaintiff,
                                 :
    v.                               Case No. 2:04-cv-0916
                                 :
Centimark, Corp., et al.,            JUDGE HOLSCHUH
                                 :
        Defendants.
                                 :


MEMORANDUM AND ORDER

On July 9, 2004 Travelers Property Casualty Company of
America filed an action against defendant Centimark Corporation
in the Guernsey County, Ohio Court of Common Pleas alleging
negligence, breach of contract, and breach of warranty.  On
September 24, 2004, Centimark removed the action to this Court
based on diversity of citizenship.  Currently before the Court is
Centimark's motion to transfer venue pursuant to 28 U.S.C.
§1404(a).  For the following reasons, Centimark's motion to
transfer venue will be granted.

I.

The following statement of facts is taken from the
complaint, Centimark's motion to transfer venue, and Travelers'
response to that motion.  Travelers insured a commercial building
located in Cambridge, Ohio for non-party Glimcher Realty Trust.[1]

---

[1] In the interest of full disclosure, the undersigned judge
presently owns shares of Glimcher Realty Trust.  The controversy
in the present case, however, does not involve the non-party
Glimcher Realty Trust; it involves Glimcher's insurance carrier,
Travelers Property Casualty Company of America, and Centimark

1

In 2000, Centimark contracted with Glimcher to provide roofing services for that building in Cambridge.  Travelers claims that Centimark completed the project, but that the roof failed and partially collapsed, causing significant property damage. Travelers paid $240,910.50 to Glimcher pursuant their insurance agreement and became subrogated to Glimcher's rights against Centimark.  Travelers then initiated this action against Centimark in the Guernsey County, Ohio Court of Common Pleas seeking to recover for negligence, breach of contract, and breach of express/implied warranties.  Centimark removed the action to this Court and then moved to transfer venue to the United States District Court for the Western District of Pennsylvania.

In arguing that this case should be transferred to the United States District Court for the Western District of Pennsylvania, Centimark relies on a forum selection clause contained in a written warranty that was part of the work agreement between Centimark and Glimcher.  See Motion to Transfer Venue at 2 and Exh. 1.  The warranty states: "Jurisdiction and venue of any dispute arising under or pursuant to the terms of this Warranty shall be vested in courts sitting in Washington County, Pennsylvania."  It is on the basis of these facts that the motion to transfer venue will be decided.

II.

The Court will first determine whether the forum selection clause applies to this case and then turn to the question of whether venue should be transferred under §1404(a).  Forum selection clauses are prima facie valid and should be enforced

---

Corporation.  Although the fact that the undersigned judge is an extremely small shareholder of Glimcher Realty Trust should be disclosed, it is not a legitimate basis for the undersigned judge to recuse himself.  The judge has no financial interest in the parties to this case or any other interest that could be affected substantially by the outcome of this case.

unless enforcement is shown by the resisting party to be unreasonable under the circumstances. See The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); Moses v. Business Card Express, Inc., 929 F.2d 1131, 1136 (6th Cir. 1999).

Travelers sets forth two arguments regarding the enforceability of the forum selection clause in this case. First, it argues that the clause governs only its breach of warranty claim and is not broad enough to govern its claims of negligence and breach of contract. Second, it argues that the language of the forum selection clause is permissive, rather than mandatory. The Court will address each argument in turn.

Travelers contends that because the clause is found in the written warranty and pertains to "any dispute arising under/or pursuant to the terms of this Warranty," its scope is limited to the cause of action for breach of the warranty. Travelers cites no authority supporting such a narrow reading of the forum selection clause. While such a reading may be appropriate in some situations, this is not one of those cases.

Most litigation concerning the scope of a forum selection clause concerns whether a clause covering "all disputes" arising out of a contract should be construed to cover tort claims in addition to contract claims. In those cases, courts have held that where a tort claim is substantially related to the contract claim in terms of factual and legal issues, the forum selection clause covers the tort claim as well. See Lambert v. Kysar, 983 F.2d 1110, 1121-1122 (1st Cir. 1993)("contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties"); Manetti-Farrow, Inc. v. Gucci America, Inc, 858 F.2d 509, 514 (9th Cir. 1998)("[w]hether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to an interpretation of the

contract").

Public policy supports a broad reading of forum selection clauses. "If forum selection clauses are to be enforced as a matter of public policy, that same public policy requires that they not be defeated by artful pleading of claims." Terra Intern., Inc. v. Mississippi Chemical Corp., 922 F.Supp. 1334, 1379 (N.D. Iowa 1996). Thus, even where a forum selection clause does not explicitly govern a given cause of action, courts will inquire into whether the other claims are sufficiently related to the claim that is specifically covered by the clause.

In this case, Travelers argues that its claims of negligence and breach of contract are not within the scope of the forum selection clause. The negligence claim is based on Centimark's alleged breach of its duty "to install a roof membrane," and to "use reasonable care in installing the roof membrane and in performing roofing repair services." Compl. ¶¶10-11. The breach of contract claim is based on the failure of the roof and inadequate inspection of the warranted product. Travelers claims that Centimark failed "to perform the contract in a workmanlike manner." Id. at ¶15(b).

The forum selection clause in the warranty covers any dispute "arising under/or pursuant to the terms of this Warranty." Mot. to Transfer Venue, Ex. 1 at VI(b). The warranty covers "defects in the materials or workmanship in the roof services." Id. at I(a). Therefore, Centimark's alleged deficient workmanship is central to the breach of warranty claim and the negligence and breach of contract claims. Proof of the alleged deficiency will require the same evidence. Also, the same witnesses will likely be called to show defective workmanship and a lack of reasonable care. Consequently, the Court concludes that the negligence and breach of contract claims are closely related to the breach of warranty claim.

4

Further, the written warranty is a part of the overall agreement between Centimark and Glimcher.  The forum selection clause in the warranty provides for jurisdiction and venue in Pennsylvania for "any dispute" arising under the terms of the warranty.  The word "any" is all-encompassing language, indicating the parties' belief that all actions regarding their relationship will be governed by the forum selection clause. The parties agreed to a particular forum and should have been on notice that issues regarding the warranty, deficient workmanship, and resultant damages would be litigated in that particular forum.  Therefore, all of Travelers' claims are covered by the forum selection clause.

The second argument that Travelers raises is that the forum selection clause need not be enforced.  Travelers argues that the clause is not mandatory in that it does not provide for "exclusive" jurisdiction over claims brought under the written warranty.  In other words, Travelers argues that the forum selection clause may be disregarded because it uses only permissive language.

The question of whether a forum selection clause is mandatory or permissive in nature has been often litigated. In <u>K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")</u>, 314 F.3d 494 (10th Cir. 2002), the Tenth Circuit Court of Appeals summarized that:

> Generally speaking, the circuits that have addressed the issue are in agreement that where venue is specified [in a forum selection clause] with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified [in a forum selection clause], the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.

<u>Id</u>. at 499 (citations omitted).

In the instant action, the forum selection clause provides that "jurisdiction and venue of any dispute arising under/or pursuant to the terms of the Warranty shall be vested in courts sitting in Washington County, Pennsylvania." Venue is clearly specified and the word "shall" connotes obligatory language. Thus, under reasoning in <u>K&V Scientific</u>, the clause should be considered mandatory. In fact, the Sixth Circuit found a similar clause to be mandatory in <u>General Electric Co. v. Siempelkamp, GmbH & Co.</u>, 29 F.3d 1095 (6th Cir. 1994). In that case, the Sixth Circuit held that a clause stating that "any" dispute "shall" be heard at a particular venue was mandatory. Likewise, the Court concludes that the clause at issue is mandatory and should be enforced.

III.

Having determined that the forum selection clause is mandatory and covers all of the claims set forth in the complaint, the Court next turns to whether venue should be transferred under §1404(a). The presence of a valid forum selection clause is a significant factor in analyzing a §1404(a) motion for discretionary change of venue, but it is not determinative. <u>See Stewart Organization, Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 32 (1988); <u>Kerobo v. Southwestern Clean Fuels, Corp.</u>, 285 F.3d 531, 537 (6th Cir. 2002). In addition to the forum selection clause, the "district court must weigh a number of case-specific factors such as the convenience of parties and witnesses, public interest factors of systemic integrity, and private concerns falling under the heading the interest of justice." <u>Kerobo</u>, 285 F.3d at 537-538. Ruling on discretionary transfer of venue motions requires a court to make a case-by-case evaluation of the particular circumstances at hand and consideration of all relevant factors. <u>See Stewart</u>, 487 U.S. at

6

29.

The party moving for transfer of venue generally has the burden of proving that transfer is appropriate and the plaintiff's choice of forum is entitled to considerable weight. See Nicol v. Koscinski, 188 F.2d 537, 537 (6th Cir. 1951). However, courts have held that the presence of a forum selection clause negates the presumption given to the plaintiff's choice of forum and requires the plaintiff to prove why enforcement and transfer is unreasonable under the circumstances. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3rd Cir. 1995); In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989); Viron Int'l Corp. v. Boland, Inc., 237 F.Supp.2d 812, 816 (W.D. Mich. 2002). Thus, in this case, Travelers bears the burden of pointing to specific reasons why enforcement of the forum selection clause is inappropriate.

　　　　1. Convenience of the parties and witnesses

Neither party has articulated a substantial argument regarding whether transfer would place an undue burden on the witnesses that both intend to call at trial.  Travelers claims that it will call at least two witnesses located in Guernsey County, Ohio, and possibly a third.  It also alleges that it will call a witness employed by an engineering firm located in Delaware, Ohio.  Centimark contends that all of its witnesses are located in Washington County, Pennsylvania.  Therefore, litigation in the Western District of Pennsylvania would be more convenient to its witnesses.

The United States District Court for the Western District of Pennsylvania is approximately 100 miles from the Guernsey County. This Court is approximately 80 miles from the county seat.  See Motion To Transfer Venue at 5.  The difference between travel time to either court (at least for the majority of Travelers' witnesses) is minimal.  However, it would greatly reduce travel

time to Centimark's witnesses located in Washington County, Pennsylvania. Therefore, this factor weighs slightly in favor of transfer.

    2. <u>Public interest factors of systemic integrity</u>

Public interest factors include the issues of congested dockets, concerns with resolving controversies locally, and, in a diversity case, having the trial in a forum that is at home with the state law that must govern the case. <u>See</u> <u>Gulf Oil Corp v. Gilbert</u>, 330 U.S. 501, 508-509 (1947). Here, there is no evidence of significant congestion in either venue. Further, there is no reason to believe that the controversy is of particular interest to the public in either Ohio or Pennsylvania. However, there is a choice of law provision in the warranty that mandates that it is governed by Pennsylvania law. While it is unlikely that systemic integrity and due process would be offended in either forum, this factor weighs slightly in favor of transfer to the Western District of Pennsylvania.

    3. <u>Private interest factors</u>

The private interests of litigants include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises . . .; and all other practical problems that make trial of a case easy, expeditious and inexpensive." <u>Gulf Oil</u>, 330 U.S. at 508.

The sources of proof are located in Guernsey County, Ohio where the building and Glimcher are located, and in Washington County, Pennsylvania where Centimark is located. Guernsey County is located almost directly between this Court and the District Court for the Western District of Pennsylvania in Pittsburgh. Problems normally associated with travel and inconveniences thereof are relatively minimal in this case. Therefore, this factor does not weigh heavily in either direction.

## 4. <u>Forum Selection Clause</u>

The forum selection clause found in Centimark's written warranty covers this entire dispute and its language is mandatory.  The presence of such a clause weighs heavily in a district court's analysis under 1404(a).  The party opposing its enforcement bears a heavy burden in overcoming the weight accorded to the clause.  <u>See</u> <u>Kerobo</u>, 285 F.3d at 537.  In this case, none of the factors addressed above weigh so heavily in Travelers' favor to justify avoiding the clause in the warranty.

Having determined that the factors weigh in favor of transfer, the Court turns to one final issue.  Travelers points out that the language of the forum selection clause requires that disputes be litigated in courts "sitting in" Washington County, Pennsylvania, but that there is no federal courthouse located in Washington County, Pennsylvania.  Thus, it argues that transfer to the United States District Court for the Western District of Pennsylvania is inconsistent with the clear terms of the clause. Of course, this argument is not, strictly speaking, an argument against transfer, but rather an argument in support of dismissal.

Centimark does not address the issue of whether the language of this clause limits proper venue to the state court "sitting in" Washington County, Pennsylvania.  It presumes that enforcement of the clause requires transfer to the United States District Court for the Western District of Pennsylvania because that court has jurisdiction over Washington County, Pennsylvania.

The majority of courts addressing forum selection clauses with similar language have ruled that where venue is specified in a county that has no federal court, the clause cannot reasonably be interpreted to permit suit in federal court located in a different county.  <u>See</u>, <u>e.g.</u>, <u>Docksider, Ltd. v. Sea Tech.</u>, 875 F.2d 762, 764 (9th Cir. 1989)(explaining that a clause providing

that "[v]enue of any action brought hereunder shall be deemed in Gloucester County, Virginia," was a mandatory clause requiring dismissal of the action from federal court because the clause "clearly designates the state court in Gloucester County, Virginia as the exclusive forum"); Excell, Inc. v. Sterling Boiler & Mech., 106 F.3d 318 (10th Cir. 1997)(explaining that the clause "venue shall lie in the County of El Paso, CO," required the parties to litigate their dispute in state, rather than federal court); Intermountain Systems Inc. v. Edsall, 575 F.Supp 1195, 1198 (D. Colo. 1983)(explaining that "[t]o include the federal district court for the district of Colorado within the ambit of Adams County, CO, [when there is no district court located in that county] would be a severe catachresis"); but see Links Design, Inc. v. Lahr, 731 F.Supp. 1535, 1536 (M.D. Fla. 1990)(holding that a clause mandating venue in Polk County, Florida was ambiguous and therefore its meaning should be construed against the drafter so as to include the federal court with jurisdiction over Polk County).

According to the weight of authority, this clause might well be interpreted as mandating that disputes arising out of the written warranty be brought in state courts in Washington County, Pennsylvania.  However, under §1404(a), this Court has no authority to transfer the case to a non-federal forum.  In such a situation, some courts have held that a district court should dismiss the action so that it may be filed in the proper state court.  See Salovaara v. Jackson Nat. Life Ins. Co., 246 F.3d 289, 298 (3rd Cir. 2001); Relm Wireless Corp v. C.P. Allstar Corp., 265 F.Supp.2d 523, 524 (E.D. Pa. 2003).  However, after consideration of all the relevant factors, the Court concludes that dismissal of this action would be contrary to the interests of justice.

28 U.S.C. §1404(a) is a discretionary provision allowing the

10

Court to transfer a case when it is "in the interest of justice."
For the reasons cited above, absent the issue concerning whether
any federal court should hear this case, a transfer to the
Western District of Pennsylvania is warranted.  If the case is
transferred there, the parties might choose to eschew reliance on
the strict interpretation of the forum selection clause offered
by Travelers and litigate in that court, which sits only one
county north of Washington County.  In order to preserve the
parties' and judicial resources, and "in the interest of
justice," the Court will transfer this action to the United
States District Court for the Western District of Pennsylvania.
If the parties continue to dispute whether that Court may hear
the case under the forum selection clause, that Court may
determine whether the case should proceed or be dismissed in
favor of litigation in the courts located in Washington County,
Pennsylvania.

IV.

Based on the foregoing, Centimark's motion to transfer venue
(file doc. #8) is GRANTED.  This action is transferred to the
United States District Court for the Western District of
Pennsylvania.


Date: May 3, 2005                **/s/ John D. Holschuh**
                                 John D. Holschuh, Judge
                                 United States District Court

11